**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KATHERINE HINES,

Plaintiff,

v. Case No: 8:26-cv-916-KKM-GDP

HARRISON JAMES TAYLOR
and ADAM JAMES TAYLOR,

Defendants.

---

# ORDER

This removed action concerns an alleged car crash. Katherine Hines alleges that Harrison Taylor negligently drove Adam Taylor's Cadillac into Hines's Hyundai Sonata, causing injury to Hines, on April 9, 2025. *See* Compl. (Doc. 1-1) ¶¶ 6–13. On February 27, 2026, Hines sued Harrison and Adam for negligence in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. *See generally id.*

Harrison and Adam removed the case to this Court on March 31, 2026, based on purported diversity jurisdiction. Notice of Removal (Doc. 1). I directed them to show cause and explain "why the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied." Order (Doc. 21). Harrison and Adam respond, arguing that Hines's demand letter, civil cover sheet, and Hines's

statements at her deposition establish more than $75,000 in controversy. *See* Resp. (Doc. 22) at 2–4. After considering the complaint, the notice of removal, the attached documents, and the response to the order to show cause, I remand the case for lack of subject-matter jurisdiction.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "Where the plaintiff has not plead a specific amount of damages," the removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But conclusory allegations or speculation that the amount in controversy is satisfied are insufficient to meet the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with exhibits

attached to the notice of removal or the response to an order to show cause. *See Pretka*, 608 F.3d at 755 (explaining that "Defendants may introduce their own affidavits, declarations, or other documentation" to show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from those documents using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

As an initial matter, Hines does not allege a specific damages total. *See generally* Compl.; *id.* ¶¶ 1, 11, 13 (alleging that the Hines seeks damages for "bodily injury and resulting pain and suffering, disability, permanent sca[r]ring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition" and that "[t]he actual value of [Hines's] claim" can only be determined later on by a jury). Instead, she seeks a judgment for "an amount in excess of [$50,000]" without further specification. *Id.* at 4 (Prayer for Relief).

In their notice of removal and in response, Harrison and Adam point principally to a pre-suit demand letter that Hines sent Harrison. *See* Notice of Removal at 3–4; Demand Letter (Doc. 1-6); Resp. The November 20, 2025 demand letter states that Hines incurred "$13,201.91" in medical expenses because of the accident. *See* Demand Letter at 4. Aside from those medical

expenses, the demand letter asserts—without any justification as to the basis for this calculation—that Hines suffers $240 in pain and suffering per day, totaling "$54,000" to date and that, given her sixty-one-year life expectancy from the date of the letter, Hines will suffer "$5,322,212.00" in lifetime pain and suffering. *See id.* at 5. Beyond that, the demand letter seeks $250,000 to settle Hines's claims because that is the full coverage amount of Harrison's insurance policy. *Id.*; *See also* Resp. at 18–20 (providing plaintiff's identical post-suit offer to settle for $250,000). For its part, Hines's complaint does not go beyond boilerplate allegations of injury, nor does Hines allege the same damages amounts or theories of pain and suffering injuries with the same specificity as the pre-suit demand letter. *See generally* Compl. At bottom, Harrison and Adam can concretely point to around $13,000 in medical bills, along with a commonsense inference that Hines may seek some additional, but unknown, amount of damages for her injuries.

Harrison and Adam point to other sources to try to establish that the amount in controversy exceeds $75,000, including Hines's civil cover sheet and boilerplate allegations of injury causing damages of more than $50,000, an unsubstantiated demand of over $5,000,000 for the Harrison's lifetime pain and suffering, Hines's generalized statement that she experiences pain and continues to receive treatment for her injuries at her deposition, *see* Resp. at 22, and offers to settle Hines's claim for $250,000. But none of those documents

provide non-speculative or non-conclusory evidence of the amount in controversy. *See Lowery*, 483 F.3d at 1214–15. "Demand letters" that employ "mere puffery" meant to push the other side to settlement "are not sufficient evidence," on their own, "to establish the amount in controversy" under 28 U.S.C. § 1332. *See Daniels v. Travelers Indem. Co. of Am.*, No. 8:26-CV-2526-KKM-AEP, 2026 WL 2727937, at *2 (M.D. Fla. Sept. 16, 2026) (collecting cases within this district employing a like analysis); *Isaac v. Williams*, No. 3:25-CV-631-MMH-MCR, 2025 WL 1865456, at *2 (M.D. Fla. July 7, 2025) (concluding that a demand letter seeking $300,000 to settle a case where the plaintiff sustained similar injuries to Hines but contained only "puffing and posturing" as to amount of the monetary damages at issue did not establish an amount in controversy exceeding $75,000). As in *Daniels* and *Isaac*, Hines's demand letter provides no "specific fact[ual]" insight, *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010), into the monetary harms Hines's alleged injuries wrought—beyond her almost $13,000 in medical expenses—that would allow me to conclude that the request for the full policy amount or $240 in lifetime daily pain and suffering is anything other than attempts to gain settlement leverage. *See Daniels,* 2026 WL 2727937, at *2 (citing *Jones v. Arby's Rest. Grp. Inc.*, No. 8:21-CV-1612-KKM-TGW, 2021 WL 4146474, at *2 (M.D. Fla. Sept. 13, 2021). And the other evidence that Harrison and Adam

assemble, such as Hines's deposition statements that she continues to receive treatment and experience pain or Hines's state civil cover sheet, is far too vague to push Hines's claims across the $75,00.01 amount in controversy threshold. *See Gubanich v. State Farm Mut. Auto. Ins. Co.*, No. 2:24-CV-449-SPC-NPM, 2024 WL 4948650, at *2 n.4 (M.D. Fla. Dec. 3, 2024) ("Vague" or "categorical assertions of loss inherent in almost every tort complaint" do not on their own establish an amount in controversy); *Dimasi v. USAA Gen. Indem. Co.*, No. 8:23-CV-2265-VMC-TGW, 2023 WL 6873351, at *2 (M.D. Fla. Oct. 18, 2023) (explaining the limited evidentiary value of "state court civil cover sheet[s]" in determining the amount in controversy). So, absent speculation, Harrison and Adam demonstrated concretely only around $13,000 at issue with a modest bump for some pain and suffering. *See Lowery*, 483 F.3d at 1211 (disapproving "unabashed guesswork" and "speculation" at the amount-in-controversy stage). "[C]ommon sense" compels that more is needed than vague allegations or unadorned, unsupported assertions before concluding that Hines's claims place more than $75,000 in controversy. *See Roe*, 613 F.3d at 1061–62; Compl.; Demand Letter at 6.

In short, Harrison and Adam fail to demonstrate, "by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.

2001). Thus, remand is warranted. *See* 28 U.S.C. § 1447(c) ("If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 24, 2026.

Kathryn Kimball Mizelle
United States District Judge